DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile: (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| In re:<br><br>RAVI SHANMUGAM<br><br>Debtor(s) | Chapter 13<br>Case No. 26-51326 SLJ<br><br>TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE<br><br>341 Meeting: Date: OCTOBER 19, 2026 @ 9:30 AM<br>Initial Confirmation Date: NOVEMBER 3, 2026<br>Initial Confirmation Time: 9:55 AM<br>Place: Telephonic Or Video Only<br>Judge: Stephen L. Johnson |

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of the Debtor's Plan for the following reasons:

1. The Plan is not feasible pursuant to 11 U.S.C. §1325(a)(6) because the Debtor is proposing to pay an estimated total of $47,820.00 and this is not enough money to pay all scheduled and/or filed secured, priority, administrative, and unsecured claims plus trustee's fees. As of the date of this objection and based on the Trustee's review of scheduled and filed claims, the Debtor would need to pay $51,692.17. **This amount can change *daily* because it is derived from many variables including the amounts stated**

**on filed claims, changing treatment of claims in amended plans, objections to claims, additional attorney's fees and changing trustee's fees. The actual amount of money needed to complete the plan cannot be determined until after the plan is confirmed and all claims are filed and allowed. The Trustee is providing the above number to assist the Debtor in understanding why the plan is not feasible at this time. The number does not represent an actual payoff for the case and cannot be relied upon for any purpose other than to demonstrate lack of feasibility.**

2. The Application for Compensation states the attorney fees are $6,900.00 with $642.00 paid prior. The Statement Pursuant to Rule 2016(B) states the attorney fees are $7,200.00 with $642.00 paid prior. Until the information in the Application for Compensation, Statement Pursuant to Rule 2016(B), Chapter 13 Plan and Rights and Responsibilities are consistent with one another, the Trustee cannot recommend confirmation.

3. The Debtor has failed to provide the Trustee with copies of pay advices or other evidence of payment received within sixty (60) days before the date of the filing of the petition in contravention of 11 U.S.C. § 521(a)(1)(B)(iv). If the Debtor cannot provide copies of the payment advices, a declaration signed by the Debtor under penalty of perjury must be provided pursuant to the Order Re: Filing of Payment Advices in effect for the San Jose Division of the United States Bankruptcy Court for the Northern District of California. Pursuant to the order, the declaration must set forth the reason that the pay advices are unavailable and should state the Debtor's estimate of payments received and provide other evidence, if any, of the payments received.

NOTE: Missing pay advice dated on or about July 2, 2026.



Case: 26-51326 Doc# 16 Filed: 10/14/26 Entered: 10/14/26 13:32:39 Page 2 of 4

4. In order to assist the Trustee in determining whether the disposable income test in 11 U.S.C. §1325(b)(1)(B) and/or the feasibility test in 11 U.S.C. §1325(a)(6) is met, the Trustee requests that the Debtor provide her with a copy of each federal and state income tax return and W-2 form required under applicable law with respect to each tax year of the Debtor's ending while the case is pending confirmation. The tax returns shall be provided to her along with a declaration signed by the Debtor stating under penalty of perjury that the returns being provided and true and correct copies of the returns that the Debtor submitted to the taxing authorities.

Dated: October 14, 2026

/S/ Devin Derham-Burk

Chapter 13 Trustee

## CERTIFICATE OF SERVICE BY MAIL

I am not less than 18 years of age and not a party to the within case. I am employed with the Office of Devin Derham-Burk, Chapter 13 Standing Trustee, and am familiar with the office's processing of mail for deposit with the United State Postal Service. Mail placed in the internal mail collection system at the Office of Devin Derham-Burk, Chapter 13 Standing Trustee, Campbell, California 95008 is deposited with the United States Postal Service that same day in the ordinary course of business.

On October 14, 2026, I placed a true and accurate photocopy of each of the following document(s):

Trustee's Objection to Confirmation

in the Trustee's internal mail collection system for service via the United States Postal Service that same day. The documents were in a sealed envelope, postage prepaid and addressed as follows:

| | |
|---|---|
| RAVI SHANMUGAM<br>601 N HILLVIEW DR<br>MILPITAS, CA 95035 | LAW OFFICES OF W KIRK MOORE<br>586 N 1ST ST #202<br>SAN JOSE, CA 95112 |

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct and that this certification was executed on October 14, 2026, in Campbell, California.

/S/__Clotilde Costa________________
Office of Devin Derham-Burk, Trustee